# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS P. STEIN,<br><br>        Plaintiff,<br><br>   vs.<br><br>THE CITY OF CORONADO; AARON MANSKER; CPO (CORONADO POLICE OFFICER) BAUTISTA; KEITH JAMES; CPO GILMAN; CPO WALKER; MARK PORTER; CPO MCGEHEE; CPO O'NEILL; MARY ANN CASTELLANO; JEROME TORRES; CPO MURDOCH; CPO AYRES; and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO. 11CV2362-LAB (RBB)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE** |

Nicholas Stein originally filed this lawsuit in San Diego Superior Court, naming the City of Coronado and 12 police officers and dispatchers as Defendants. The Defendants removed it to this Court because Stein's complaint mentions 42 U.S.C. § 1983, the implication being that at least one of Stein's claims arises under federal law. (*See* Notice of Removal ¶ 3.) But Stein's amended complaint alleges only state law claims: (1) negligence; (2) battery; (3) assault; (4) intentional infliction of emotional distress; (5) false imprisonment; and (6) abuse of process. It explicitly says "[t]his is a state court action with state common law causes of action for negligence, assault, intentional infliction of emotional distress, battery, false imprisonment, and abuse of process." (FAC ¶ 36.)

When Stein does mention § 1983 in his complaint, he seems not to understand that it "is not itself a source of substantive rights, but merely provides a method for vindicating

1  federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal
2  quotations omitted).  In fact, he seems not to understand § 1983 at all.  First, he suggests
3  it gives rise to a general duty of care. (FAC ¶ 35.) Second, he suggests it "sets forth"
4  constitutional rights. (FAC ¶ 37.) Third, he suggests it is a California law. (FAC ¶ 41.) None
5  of these things is true, and the fact that Stein's named claims arise only under state law
6  causes the Court to question whether there really is a § 1983 claim here.  And that, of
7  course, causes the Court to question its own jurisdiction. *See Mt. Healthy City Sch. Dist. Bd.*
8  *of Ed. v. Doyle*, 429 U.S. 274, 278 (1977) (holding that courts are "obliged to inquire *sua*
9  *sponte* whenever a doubt arises as to the existence of federal jurisdiction"); *B.C. v. Plumas*
10 *Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) ("But federal courts are required sua
11 sponte to examine jurisdictional issues . . . .").

12 "A § 1983 plaintiff must demonstrate a deprivation of a right secured by the
13 Constitution or laws of the United States, and that the defendant acted under color of state
14 law." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). "The first step in any such claim
15 is to identify the specific constitutional right allegedly infringed." *Albright*, 510 U.S. at 811.
16 And this is where Stein's complaint is obviously deficient. Even if he intends to state a §
17 1983 claim, it's unclear what the constitutional deprivations are that are the basis of it. On
18 one reading, they are violations of his Fifth and Fourteenth Amendment rights:

> The Defendants owed a Duty of Care to Plaintiff under California Civil Code 52.3, Title 42 U.S.C. § 1983, and the Fifth and Fourteenth Amendments to the Constitution of the United States . . . .
>
> As set forth herein, none of the Petitioner's California and U.S. Constitutional Rights expressly set Forth in California Civil Code Section 52.3, Title 42 U.S.C. sub section 1983 or the Fifth and Fourteenth Amendments to the Constitution of the United States were preserved or protected at the time of the incidents, which serves as the basis for this action.

25 (Compl. ¶¶ 35, 37.) If this is Stein's intent, to base a § 1983 claim on his Fifth and
26 Fourteenth Amendment rights being violated, the Court presumes he means to allege that
27 the Defendants denied him of liberty and property without due process under both

Amendments, and that they denied him equal protection under the Fourteenth Amendment. The problem is that he makes no effort to plead facts specific to these claims.

The Court could also look to Stein's named claims, all of which arise under California law, and determine whether the alleged facts behind them would also constitute a violation of his constitutional rights such that a § 1983 claim is plausible. For example, Stein's second cause of action, for battery, alleges the use of unreasonable and excessive force in detaining him, and "[c]laims for excessive force are analyzed under the Fourth Amendment's prohibition against unreasonable seizures." *Young v. County of Los Angeles*, 655 F.3d 1156, 1161 (9th Cir. 2011). So, it's conceivable that in stating a claim for battery Stein also meant to state a § 1983 claim based on a violation of his Fourth Amendment rights.

This won't work, however, for all of Stein's claims, some of which cannot also be maintained under § 1983. For example, "[i]ntentional infliction of emotional distress is a state tort claim, and therefore is not remediable under § 1983 . . . ." *Corothers v. Salinas Valley State Prison*, 2011 WL 2415631 at *2 (N.D. Cal. June 15, 2011). As for Stein's abuse of process claim, "[i]t is unclear whether an abuse of process claim may even be maintained under 42 U.S.C. § 1983, since abuse of process is a state law tort." *Alston v. Tassone*, 2012 WL 2377015 at *12 (E.D. Cal. June 22, 2012). Similarly, "[a] claim for wrongful detention or false imprisonment, absent a cognizable claim for wrongful arrest, will not ordinarily state an independent claim under § 1983." *Fonua v. City of San Mateo*, 2011 WL 2433040 at *4 (N.D. Cal. June 13, 2011). And finally, it is hard to see how negligence could rise to the level of a constitutional rights violation that is cognizable under § 1983. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (recognizing holding that "the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"). That leaves only two of Stein's six claims—battery and assault—that are cognizable under § 1983, and as violations of the Fourth Amendment at that.

The bottom line here is that the Court questions Defendants' statement in their removal notice that Stein alleges a deprivation of civil rights under § 1983. Stein does

incorporate § 1983 into his complaint, to be sure, but it's very clear that he doesn't understand exactly what § 1983 does, and as a result it's unclear that he actually intends to bring a § 1983 claim. On the other hand, if Stein does intend to bring a federal claim under § 1983, it's completely unclear to the Court, and probably to Defendants, which particular federal rights he believes Defendants have violated.[1]

With the mere existence of a § 1983 claim uncertain, the Court can't proceed much further, given that its jurisdiction hangs on such a claim. Defendants' motion to dismiss is therefore **DENIED WITHOUT PREJUDICE**. Within two weeks of the date this Order is entered, Stein must either: (1) file a Second Amended Complaint that adds a seventh cause of action for violation of § 1983 (and makes no other changes), explaining in detail what the basis of the claim is; or (2) file a notice that he has no intention of bringing a § 1983 claim and wishes to proceed only with the six state law claims listed in his complaint. If he chooses (1), Stein is only to add a § 1983 claim to his causes of action; he is not to modify any other portion of the complaint. The Court will then reconsider Defendants' arguments for dismissal of the claim, and if persuaded by those arguments it will dismiss the claim and remand this case to San Diego Superior Court. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (recognizing that district courts may decline to exercise supplement jurisdiction over state law claims when federal claims are dismissed before trial). If Stein

//
//

---

[1] Stein's opposition to Defendants' motion to dismiss only muddies the picture. Initially, Stein asserts a claim under *Monell*, which is a particular kind of § 1983 claim that Stein's complaint doesn't contain a hint of. He also alleges Fourth Amendment and Eighth Amendment violations under federal law and a trespass violation under state law, all of which are new. In short, Stein's opposition is barely responsive to Defendants' motion to dismiss, and while it does mention "federal claims" it fails to shed any light on whether he is in fact asserting a § 1983 claim and, if so, what the basis of that claim is. In places, Stein's opposition is just completely off. For example, he cites the California Code of Civil Procedure and argues that Defendants' motion to dismiss must be denied because he didn't receive 75 days notice. He also includes an "Authority" section that contains only what appear to be lengthy excerpts from other judicial opinions, without explaining what their relevance is to Defendants' arguments or why he is including them in his analysis.

chooses (2), the Court will remand this case for an obvious lack of subject matter jurisdiction, and again, Stein can return to San Diego Superior Court to pursue his claims.

**IT IS SO ORDERED**.

DATED: September 25, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge